# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| DONALD D. MIDDLETON, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 3:01-CR-20 HL |
| | | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On February 4, 2008, Petitioner Middleton filed in this Court a Motion For Relief pursuant to Federal Rule of Civil Procedure 60 (b)(6), seeking to void his conviction and sentence rendered the judgment of this Court on April 30, 2002 (R-42). Middleton appealed that conviction and sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the District Court's Judgment on March 26, 2003. (R-53). On June 9, 2003, Middleton filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-58), which was denied on July 22, 2004. (R-74). Thereafter, both the District Court and the Court of Appeals denied Middleton's application for Certificate of Appeal for failure to state a constitutional issue.

After preliminary consideration, it is found that this court lacks jurisdiction to entertain Petitioner's Motion pursuant to Federal Rule of Civil Procedure 60(b)(6) until authorized to do so by the United States Court of Appeals for the Eleventh Circuit.

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . . Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions. We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion is designed to re-open a petitioner's habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court had ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d 1253, 1277 that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals

---

[1] *Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts t, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

2

> authorizing the district court to consider it. The point of the rule we announce today is that the petitioner may not get around the statutory restrictions on second and successive petitions by filing a Rule 60(b) motion, unless the grounds of the motion fit within one of the exceptions.

From all of the foregoing authority, it clearly appears that this court cannot exercise jurisdiction over Petitioner's Rule 60(b) Motion until such time as it is authorized to do so by the United States Court of Appeals for the Eleventh Circuit pursuant to the trumping provisions 28 U.S.C. § 2244 (b)(3)(A), according to *Boone, Gonzalez*, and *Calderon*. " When a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." *El-Amin v. United States*, 172 Fed. Appx. 942, 946 (11th Cir. 2006)(treating Rule 60(b) motion as successive § 2255 motion and remanding to the district court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Middleton's Motion For Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of February 2008.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE